```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

UNITED STATES OF AMERICA      :
                              :
          v.                  :    Case No. 2:10-cr-47-1
                              :
SHAWN SIMARD,                 :
          Defendant.          :
```

**MEMORANDUM and ORDER**

Shawn Simard is charged with one count of receipt in interstate commerce of visual depictions the production of which involved the use of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of visual depictions the production of which involved the use of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  Indictment, ECF No. 1. The Indictment also alleges in each count that Mr. Simard was convicted of lewd or lascivious conduct with a child, in violation of Vt. Stat. Ann. tit. 13 § 2602, on November 2, 2004. On May 12, 2011, the parties entered into a plea agreement whereby Mr. Simard agreed to plead guilty to the possession count.

The parties initially agreed that Mr. Simard's 2004 state conviction qualifies as a predicate offense under  18 U.S.C. § 2252(b)(2), which exposes a defendant convicted of violating § 2252(a)(4)(B) to a ten-year mandatory minimum sentence where he has a "prior conviction . . . under the laws of any State

relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward[.]"  However, at a change of plea hearing held on May 12, the Court asked the parties to submit briefing on the issue.  Defense Counsel has since filed briefing arguing that the 2004 conviction does not qualify as a predicate.  Mem. of Law Regarding Predicate Sentencing Enhancement, ECF No. 50; Def.'s Reply, ECF No. 60.  The Government maintains its position that the Court must apply the enhancement.  Resp. to Def.'s Mem. of Law, ECF No. 56.  Having reviewed the parties' memoranda, the Court finds that Mr. Simard's 2004 conviction for lewd or lascivious conduct with a child does qualify as a predicate offense under § 2252(b)(2), exposing him to the ten-year mandatory minimum.[1]

## Discussion

In the context of the Armed Career Criminal Act, the Second Circuit has adopted use of the "categorical/modified categorical approach" to determine whether a prior state court offense is a

---

[1] At the conclusion of Mr. Simard's reply brief, Defense Counsel briefly raises the argument that, as a constitutional matter, subjecting Mr. Simard to a significant enhancement based on a state court conviction for conduct he committed as a minor "would work a fundamental unfairness [and] would be cruel and unusual . . . [in violation of his] Eighth Amendment rights." Def.'s Reply 11.  Because the Government has not yet had an opportunity to respond to this constitutional argument, which is beyond the scope of the statutory question on which the Court requested briefing, the Court does not address it in this order.  Should Mr. Simard wish to do so, he may file more comprehensive briefing on this issue, to which the Government will have the opportunity to respond.

predicate for purposes of a sentence enhancement. *United States v. Daye*, 571 F.3d 225 (2d Cir. 2009). Under the categorical approach a court "'look[s] only to the fact of conviction and the statutory definition of the prior offense' [and] . . . 'consider[s] whether the elements of the offense are of the type that would justify its [treatment as a predicate], without inquiring into the specific conduct of this particular offender.'" *Id*. at 229 (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990); *James v. United States*, 550 U.S. 192, 202, (2007)). Where the language of a particular statute encompasses conduct that categorically constitutes a predicate offense as well as conduct that does not, the court may apply a modified categorical approach and "'go beyond the mere fact of conviction' to determine whether the crime underlying the conviction constitutes a [predicate offense], by examining 'records of the convicting court approaching the certainty of the record of conviction.'" *Id*. at 229 n.4 (quoting *Taylor*, 495 U.S. at 602; *Shepard v. United States*, 544 U.S. 13, 23 (2005)). The Supreme Court has indicated that such an inquiry is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16.

While the Second Circuit has not had occasion to apply the categorical/modified categorical approach to 18 U.S.C. § 2252, a number of other circuits have adopted this approach in cases involving either § 2252 or 18 U.S.C. § 2252A, which has materially indistinguishable provisions regarding enhancements for predicate offenses.  *See, e.g., United States v. McGrattan,* 504 F.3d 608 (6th Cir. 2007); *United States v. Osborne*, 551 F.3d 718, 719 (7th Cir. 2009); *United States v. Sonnenberg*, 556 F.3d 667 (8th Cir. 2009); *United States v. Strickland*, 601 F.3d 963 (9th Cir. Mont. 2010); *United States v. Harding*, 172 Fed. Appx. 910 (11th Cir. 2006).  That the categorical/modified categorical approach has been widely accepted is not surprising given the "daunting" "practical difficulties and potential unfairness of a [more] factual approach," which would require sentencing courts to hold mini-trials to determine the exact nature of the actual conduct that had resulted in prior convictions.  *Taylor*, 495 U.S. at 601-02.  The Court will therefore apply the categorical/modified categorical approach in this case.

I. Categorical Analysis

The Court begins its categorical analysis by "look[ing] to the fact of conviction and the statutory definition of the prior offense and determin[ing] whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence." *Sonnenberg*, 556 F.3d at 670 (citing *Taylor*, 495 U.S.

at 600).  Vt. Stat. Ann. tit. 13 § 2602 states that "[n]o person shall willfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of such person or of such child."  In construing this statute, the Vermont Supreme Court has "rejected [the] contention that the statutory meaning of a 'lewd act' upon a child is limited to contact with a so-called 'private' or 'sexual' part of the child's body."  *State v. Squiers*, 2006 VT 26, ¶ 9, 896 A.2d 80, 84 (2006).  Instead, the court found that "'a lewd or lascivious act can . . . involve 'any part' of the victim's body'" so long as the touching was performed with the requisite intent of "arousing, appealing to, or gratifying the lust, passions or sexual desires" of the perpetrator or victim.  *Id*. (quoting *People v. Martinez*, 903 P.2d 1037, 1038 (Cal. 1995)).

The parties agree that, of the generic offenses listed in §Yes.2252(b)(2), the most analogous to Mr. Simard's prior offense is "abusive sexual conduct involving a minor or ward."  However, they have differing views as to the applicable definition of the phrase "abusive sexual conduct involving a minor or ward."

Mr. Simard argues that the Court should use the definition of the federal offense of "sexual abuse of a minor or ward," which is contained in chapter 109A, 18 U.S.C. §§ 2241-44.

Chapter 109A defines that offense as "knowingly engag[ing] in a sexual act with another person who -- (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a)(2). It specifies that "sexual act" means:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2). Chapter 109A further prohibits "sexual contact" with "an individual who has not attained the age of 12 years." 18 U.S.C. § 2244. "[T]he term 'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). Mr. Simard asserts that because the Vermont statute criminalizes some conduct that falls outside

the scope of these federal offenses -- namely physical contact with parts of a child's body other than "so-called 'private' or 'sexual' part[s]," *Squiers*, 896 A.2d at 84, -- a violation of the state statute does not categorically qualify as a predicate under § 2252(b)(2).

Relying on *Sonnenberg* and *United States v. Sinerius*, the Government argues that the generic offenses listed in § 2252(b)(2) should be given their "ordinary, contemporary, common meaning." *Sonnenberg*, 556 F.3d at 671 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)); *United States v. Sinerius*, 504 F.3d 737, 740 (9th Cir. 2007) ("Under the categorical approach, we follow our common practice in cases involving non-traditional offenses by defining the offense based on the ordinary, contemporary, and common meaning of the statutory words." (internal quotation omitted)).  Specifically, the *Sonnenberg* court found that the ordinary meaning of "sexual abuse of a minor" is "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification."  556 F.3d at 671 (quoting *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001)); *see also United States v. Gilbert*, No. 10-4039 2011, U.S. App. LEXIS 8815, at *10 (4th Cir. Apr. 28, 2011) (applying same definition).

The Court agrees with the Fifth, Eighth, Ninth and Eleventh Circuits that "well-established principles of statutory

interpretation" suggest that the generic state offenses listed in § 2252(b)(2) and § 2252A(b)(2) should not be defined by reference to the definitions contained in chapter 109A.  *Sinerius*, 504 F.3d at 742-44; *see also*, *Sonnenberg*, 556 F.3d at 670-71; *United States v. Harding*, 172 Fed. Appx. 910, 913 (11th Cir. 2006); *United States v. Hubbard*, 480 F.3d 341, 347-50 (5th Cir. 2007) ("In construing [] federal statutes, . . . we properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning." (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P-ship*, 507 U.S. 380, 388 (1993)).  To begin with, §§ 2241-44 appear in chapter 109A.  *Section* 2252, on the other hand, appears in chapter 110, which contains its own provision entitled "Definitions for Chapter."  *See* 18 U.S.C. § 2256.  Nowhere does the language of chapter 110 indicate that definitions of the state offenses enumerated in § 2252 should be imported from federal offenses delineated elsewhere in the U.S. Code.  In fact, "experience indicates that when Congress intends to require a state offense to be congruent to a corresponding federal offense for sentencing enhancement purposes, it will draft such a requirement expressly."  *Sinerius*, 504 F.3d at 743-44; *see* 18 U.S.C. § 2241(c) (requiring a life sentence where the defendant "has previously been convicted of another Federal offense under this subsection, or of a State offense that would

have been an offense under either such provision had the offense occurred in a federal prison."); 18 U.S.C. § 3559(e)(2)(B) (defining a "State sex offense" for purposes of that subsection to mean "an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a federal sex offense").

Furthermore, § 2252 "employs broader language when defining state convictions that qualify as [] predicate sex offenses than it does when defining predicate federal offenses, such as those located in chapter 109A." *Id*. at 743.  To qualify for the sentence enhancement, an offender must have either a prior conviction for a specifically enumerated federal offense or a conviction for a state offense "*relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."  18 U.S.C. § 2252(b)(2) (emphasis added).  Congress' use of the phrase "relating to,"[2] which connotes approximation rather than precision, argues against mechanical importation of the elements of the enumerated federal statutes to define the generic state offenses referred to in § 2252(b)(2).

---

[2] In construing a different statute, the Supreme Court has defined the phrase "relating to" to mean "to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines*, 504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary 1128 (5th ed. 1979)).

Looking at Vt. Stat. Ann. tit. 13 § 2602 side-by-side with the "ordinary, contemporary, common meaning" of "sexual abuse of a minor" adopted by the *Sonnenberg* court, the Court cannot conclude that an offense under the state statute categorically qualifies as a predicate offense under § 2252.  In construing § 2602, the Vermont Supreme Court has stated that, in assessing whether an act is lewd or lascivious, the key factor is the "intent of the perpetrator."  *Squiers*, 896 A.2d at 84. Specifically, the intent required under § 2602 is "the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [the perpetrator] or of [the] child."  Vt. Stat. Ann. tit. 13 § 2602; *see also Martinez*, 903 P.2d at 1042 ("modern courts state or imply that any touching of an underage child is 'lewd or lascivious' within the meaning of [California's similarly worded statute] where it is committed for the purpose of sexual arousal").  Accordingly, although all of the conduct covered by the Vermont statute is "for a purpose associated with sexual gratification," Vt. Stat. Ann. tit. 13 § 2602, it is not necessarily "abusive" in that it does not necessarily involve "misuse or maltreatment of a minor."  *Sonnenberg*, 556 F.3d at 671.

In *Osborne*, Chief Judge Easterbrook concluded that offenses under Indiana's sexual misconduct with a minor statute, which makes it a crime for a person age 18 or older to "perform[] or

10

submit[] to any fondling or touching, of either the child [any person age 14 or 15] or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person[,]" did not categorically qualify as offenses "relating to . . . abusive sexual conduct involving a minor or ward" under § 2252.  551 F.3d at 719 (quoting Ind. Code § 35-42-4-9(b); 18 U.S.C. § 2252).  Chief Judge Easterbrook observed that the Indiana statute could be read to include within its scope contact between two high school students -- one who had just turned 18 and one who was a few days short of 16 -- "such as kissing or petting with 'intent to arouse . . . the sexual desires of either person.'"  *Id*. at 720.  He remarked that "exploratory touching between students in high school" is not necessarily "a form of 'abusive' sexual contact, as that term is ordinarily understood."  *Id*.  The same sort of conduct was covered by the Vermont statute under which Mr. Simard was convicted.[3]

The Court agrees with the reasoning of the *Osborne* court.  Because the version of § 2602 under which Mr. Simard was convicted included within its scope  "exploratory touching between students in high school," *id*., the Court cannot conclude

---

[3]  Vt. Stat. Ann. tit. 13 § 2602 was amended in 2005 to include a provision indicating that the "section shall not apply if the person is less than 19 years old, the child is at least 15 years old, and the conduct is consensual."  This provision was not in effect when Mr. Simard was convicted of violating § 2602 in 2004.

11

that a conviction under that statute categorically "relat[es] to . . . abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). The Court will therefore move on to a modified categorical analysis.

II. Modified Categorical Analysis

Because the language of the state statute under which Mr. Simard was convicted encompassed conduct that "relat[ed] to . . . abusive sexual conduct involving a minor or ward" along with conduct that did not, the Court must "'go beyond the mere fact of conviction' to determine whether the crime underlying the conviction constitutes" a predicate offense under § 2252(b)(2). *Daye*, 571 F.3d at 229 n.4 (quoting *Taylor*, 495 U.S. at 602). In doing so, the Court may examine "records of the convicting court approaching the certainty of the record of conviction," such as the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16, 23.[4]

---

[4] Mr. Simard argues that the Court may not look to the State's probable cause affidavit in conducting its modified categorical analysis. However, the Court need not address this argument since, as explained *infra*, the factual findings to which Mr. Simard assented during the plea colloquy alone establish that his conviction under § 2602 constitutes a predicate offense under § 2252(b)(2).

12

A transcript of the change of plea hearing in state court indicates that, at the time Mr. Simard pled guilty to violating § 2602, the following exchanges took place:

> THE COURT: *By [pleading] guilty, you're admitting outright that you committed this crime. You're saying: Yes, I did what the State says I did*. You're giving up your right to be silent about this charge. Do you understand that?
> THE DEFENDANT: Yes, Sir.
>
> \*   \*   \*
>
> THE COURT: The charge here says that you Shawn M. Simard of St. Johnsbury, it says, on meaning in summer of 2003 and prior to July of 2003, that you were then and there a person who willfully and lewdly committed a lewd act with the body of a child under the age of 16 years, that is a person identified as M.R. whose date of birth is November 25th, 1995 and they said that *you committed this lewd act with intent of appealing to your sexual desires*. A lewd act is a sexually inappropriate conduct or contact and they say here in the affidavit I see, that *you made certain contact with sexual parts of M.R.*, sexually unlawful and inappropriate contact, lewd act. Do you feel that you understand what they say you did?
> THE DEFENDANT: Yes, Sir.
>
> \*   \*   \*
>
> THE COURT: Is it agreed that there's an adequate factual basis for this charge of L & L with a child?
> [DEFENSE COUNSEL]: It is.
> THE COURT: The Court so finds with reference to the affidavit of probable cause. Now, Mr. Simard, to this charge of lewd and lascivious with a child, what is your plea?
> THE DEFENDANT: Guilty.

Ex. B to Def.'s Mem. of Law Regarding Predicate Sentencing Enhancement, ECF No. 50-1 (emphasis added.

Based upon the "explicit factual finding[s] by the trial judge to which the defendant assented[,]" -- namely, that Mr. Simard violated § 2602 by making "contact with sexual parts" of a seven-year-old child with the "intent of appealing to [his] sexual desires" -- the Court concludes that the state court conviction qualifies as a predicate offense under § 2252(b)(2). A sufficient age difference between a minor and an adult involved in sexual contact can make such contact inherently abusive. *See Osborne*, 551 F.3d at 719-20 ("Many criminal laws, of which statutory rape is the best-known example, rest on a belief that a combination of youth and age difference prevents an effective consent to sexual contact . . . [and makes that contact] abusive."); *see also* 18 U.S.C. § 2243 (making four-year age difference an element of the crime of sexual abuse of a minor or ward). Here, there is no question that Mr. Simard's conviction for engaging in sexual conduct with a seven-year-old child constitutes "a prior conviction . . . under the laws of any State relating to . . . abusive sexual conduct involving a minor or ward[.]"  18 U.S.C. § 2252(b)(2).[5]

---

[5] Mr. Simard argues that, during the plea colloquy, the state court did not adequately "specif[y] what contact was involved" or "what intent [he] was alleged to have." Def.'s Reply 9-10, ECF No. 60. However, in light of the references to "contact with sexual parts" of a seven-year-old child with the

On the basis of this modified categorical analysis, the Court concludes that Mr. Simard's 2004 state court conviction for lewd or lascivious conduct with a child qualifies as a predicate offense under § 2252(b)(2), exposing him to the ten-year mandatory minimum sentence.

Dated at Burlington, in the District of Vermont, this 1st day of September, 2011.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge

---

"intent of appealing to [his] sexual desires," the Court cannot conclude that a more fulsome description of the Defendant's conduct and intent was required to establish that he committed sexually abusive conduct involving a minor.